Jennifer L. Crow, OSB No. 105601
Scheer.Law PLLC
715 SW Morrison Street, Suite 912
Portland, Oregon 97205
Phone: (503) 446-1767
Fax: (206) 490-0866
jen@scheer.law

Attorney for Plaintiff National Interstate Insurance Co.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NATIONAL INTERSTATE INSURANCE CO., a foreign corporation,<br><br>       Plaintiff,<br><br>v.<br><br>DASH DELIVERY, INC.; THE HARTFORD INSURANCE, a foreign corporation,<br><br>       Defendants. | CASE NO.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff National Interstate Ins. Co. ("National Interstate) alleges as follows:

## I. <u>PARTIES & JURISDICTION</u>

1.1     Plaintiff National Interstate is an Ohio corporation with its principal place of business in Ohio.

/ / /

COMPLAINT FOR DECLARATORY JUDGMENT –
PAGE 1

1     1.2     Defendant The Hartford is a Connecticut corporation with its principal place of

2  business in Hartford, Connecticut.

3     1.3     Defendant Dash Delivery, Inc. ("Dash") is an Oregon corporation with its

4  principal place of business in Jackson County, Oregon.

5     1.4     This Court has jurisdiction under 28 U.S.C. § 1332 as there is complete diversity

6  of citizenship between the parties and the amount in controversy exceeds $75,000.00.

7     1.5     Venue is proper under 28 U.S.C. § 1391(b) because The Hartford does business

8  in the District of Oregon and is subject the Court's personal jurisdiction in the District of Oregon,

9  and a substantial part of the events giving rise to the underlying insurance claim occurred in the

10  Portland Division of the District of Oregon.

11     1.6     Venue is proper under 28 U.S.C. § 1391(b) because Defendant Dash resides in

12  Oregon state, is subject the Court's personal jurisdiction in the District of Oregon, and a

13  substantial part of the events giving rise to the underlying insurance claim occurred in the

14  Portland Division of the District of Oregon.

## II. <u>THE INSURANCE POLICY & CONTRACT</u>

16     2.1     National Interstate re-alleges the foregoing paragraphs as though fully set forth

17  herein.

18     2.2     National Interstate issued a commercial automobile insurance policy, Policy No.

19  VPP 4900008 15 (the "Policy") with effective dates of March 1, 2021, to March 1, 2022 (the

20  "Policy").

21     2.3     The Policy provides liability coverage in the amount of $1,000,000.00 per

22  occurrence.

23     2.4     One of National Interstate's name insureds on the Policy is General Logistics

24  Systems US Interim, Inc. ("GLS").

25     2.5     GLS entered into a contract with Dash for Transportation Services dated February

26  10, 2021.

**SCHEER.LAW PLLC**
715 SW MORRISON ST., SUITE 912
PORTLAND, OR 97205
P: (206) 800-4070

2.6     Schedule E to the contract contained insurance requirements.

2.7     Schedule E required Dash to name GLS as an additional insured, and that such additional insured coverage be primary and noncontributory.

### III. <u>THE UNDERLYING LAWSUIT</u>

3.1     National Interstate re-alleges the foregoing paragraphs as though fully set forth herein.

3.2     On or about March 13, 2023, Plaintiff Larry Flood ("Flood") brought suit in Multnomah County Circuit Court in a case captioned, *Larry Flood v. Patrick Roberts, et al.*, Multnomah County Circuit Court, Case No. 23CV10701 (the "Underlying Lawsuit"). GLS is a named defendant in the Underlying Lawsuit.

3.3     In his Complaint, Flood, a Dash employee, alleges that, on or about March 26, 2021, his truck was being loaded at GLS' facility in Coburg, Oregon when he was injured.

3.4     Flood has testified that just prior to the accident, he was taking a Dash required photograph of the load. Dash required photos of the load to be taken because the picture would allow Dash to determine if it could charge more for loading.

3.5     The procedure required by Dash contributed to Flood's claimed injuries because he was required to go take a photograph of the load, which placed him in the proximity of the equipment that injured him.

3.6     National Interstate has been defending GLS in the Underlying Lawsuit.

3.7     Upon information and belief, The Hartford provided insurance to Dash.

3.8     Upon information and belief, The Hartford's policy with Dash provided that persons or organizations, when required by contracts with Pacific, would be additional insureds under the policy for liability caused, in whole or in part by the acts or omissions of Dash, or the acts or omissions of those acting on behalf of Dash.

3.9     Despite the fact that, pursuant to the subcontract with Dash, GLS is/was an additional insured under The Hartford policy, and that such policy is primary, The Hartford has refused to

COMPLAINT FOR DECLARATORY JUDGMENT –
PAGE 3

**SCHEER.LAW PLLC**
715 SW MORRISON ST., SUITE 912
PORTLAND, OR 97205
P: (206) 800-4070

participate in the defense of GLS.  The Hartford has further refused to indemnify GLS from any damages it may be assessed in the Underlying Action.

## IV. <u>COUNT I – BREACH OF CONTRACT</u>

4.1     National Interstate re-alleges the foregoing paragraphs as though fully set forth herein.

4.2     GLS's contract with Dash provided that it would be named as an additional insured under Dash's policy with The Hartford and that The Hartford policy would be primary and non-contributory.

4.3     The actions that gave rise to Flood's injuries was caused in whole or in part, by the actions or omissions of Dash.

4.4     Accordingly, under Dash's policy with The Hartford, GLS was an additional insured and The Hartford's policy was to provide primary coverage with respect to GLS's liability to Flood arising out of Dash's negligence.  The Hartford is also required to participate in the defense of GLS in the Underlying Lawsuit.

4.5     The Hartford's refusal to defend and indemnify GLS is a breach of the insurance contract with GLS, The Hartford's additional insured.

4.6     The Hartford's refusal to defend is a breach of the duty of good faith and fair dealing.

4.7     The Hartford's breach has caused damages to National Interstate, in that it has been the sole insurance carrier defending GLS.

## V. <u>DEMAND FOR JURY TRIAL</u>

5.1     National Interstate demands a jury trial in this matter.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, National Interstate prays for judgment as follows:

1.      For a declaration of this Court that The Hartford is obligated to defend GLS in the Underlying Lawsuit;

SCHEER.LAW PLLC
715 SW MORRISON ST., SUITE 912
PORTLAND, OR 97205
P: (206) 800-4070

2.     For a declaration of this Court that The Hartford is obligated to indemnify GLS in the Underlying Lawsuit;

3.     For the costs of suit incurred herein; and

4.     For any other and further relief as the Court may deem just and proper.


DATED this 1st day of December 2023.



SCHEER.LAW PLLC




/s/ Jennifer L. Crow
Jennifer L. Crow, OSB No. 105601
jen@scheer.law
Attorney for Plaintiff National Interstate

COMPLAINT FOR DECLARATORY JUDGMENT – PAGE 5